Gregg Roberts
43430 E Florida Ave F293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re Cammy Mendes, <br> Debtor <br><br> Gregg Roberts, <br> Judgment Creditor/Plaintiff, <br><br> v. <br><br> Cammy Mendes <br> Debtor/Defendant | Main Case #8:25-bk-11756-SC <br><br> Chapter 7 <br><br> **NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY** <br><br> Hearing Date: Tuesday, September 2, 2025 at 11:00 AM <br> Location: Via ZoomGov at 411 W Fourth St, Courtroom 6A, Santa Ana CA 92701 <br><br> Judge: Hon. Scott Clarkson |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND TO THE DEBTOR AND HER ATTORNEY OF RECORD:**

**NOTICE OF MOTION/HEARING**

PLEASE TAKE NOTICE that the above-captioned matter has been scheduled for hearing as a miscellaneous matter before the Honorable Scott C. Clarkson, United States Bankruptcy Judge, on:

      Date: Tuesday, September 2, 2025, at 11:00 a.m.

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY

1

| | |
|---|---|
| Location: | Courtroom 5C, United States Bankruptcy Court
411 W Fourth St
Santa Ana CA 92701 |

Pursuant to Judge Clarkson's standing procedures, this hearing will be conducted via ZoomGov.

Remote appearances are authorized and encouraged. Counsel and parties may appear remotely by following the ZoomGov instructions available on the Court's website at:

https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Pursuant to LBR 9013-1(f), any response must be in writing and filed with the Court and served on the moving party at least 14 days before the hearing.

**MOTION**

Gregg Roberts ("Objector"), Assignee of Record and Judgment Creditor of the Debtor, appearing pro se, hereby objects to the Debtor's claimed exemption in the real property located at 503 Traverse Drive, Costa Mesa, CA 92626 (the "Property").

**INTRODUCTION**

Debtor Cammy Mendes has claimed a homestead exemption in the Property under California Code of Civil Procedure § 704.730. While the homestead laws are intended to protect a debtor's equity in a primary residence from ordinary collection efforts, they do not shield equity that was created or enhanced with funds obtained through fraud, conversion, or other wrongful conduct. The Objector asserts that a portion of the equity claimed as exempt was funded by such ill-gotten gains and therefore should not be protected from creditor recovery. Because the precise amount

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL
PROPERTY

2

of improperly-sourced equity requires further factual development, Objector will be initiating an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001 to determine the extent to which the claimed exemption should be reduced or disallowed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *I. Introduction*

1. Debtor Cammy Mendes has claimed a homestead exemption in real property under applicable California law. Objector contends that the exemption amount must be reduced to the extent the equity in the property was created or enhanced through funds wrongfully obtained or otherwise not lawfully owned by the Debtor. Bankruptcy exemptions under 11 U.S.C. § 522 and California Code of Civil Procedure § 704.730 do not protect ill-gotten gains from legitimate creditor claims.

### *II. Legal Standard*

*A. Burden of Proof*

2. Federal Rule of Bankruptcy Procedure 4003(c) places the burden of proof on the objecting party to establish that an exemption is not properly claimed. Once the objector produces sufficient evidence to rebut the exemption, the burden of production shifts to the debtor to support the exemption's validity. *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999).

*B. Ill-Gotten Gains Not Exemptible*

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY

3

3. California's homestead exemption statutes protect equity up to the statutory cap from judgment enforcement but do not extend to equitable interests held by others or to property interests derived from wrongful conduct. Property interests held subject to a constructive trust are excluded from the debtor's bankruptcy estate under 11 U.S.C. § 541(d) and thus are not exemptible. See *In re Tleel*, 876 F.2d 769, 772–73 (9th Cir. 1989) (property held in constructive trust excluded from estate); *In re Golden Triangle Capital, Inc.*, 171 B.R. 79, 82 (9th Cir. BAP 1994). California courts similarly recognize that homestead exemptions do not shield property interests arising from fraud or wrongful acts. See *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 471–72 (1989).

### *III. Application to This Case*

4. Objector asserts that funds obtained by Debtor through wrongful means were invested into the subject property, thereby inflating the equity claimed as exempt. To the extent such funds can be traced into the property, the resulting equity is subject to an equitable interest in favor of Objector and cannot be protected by the homestead exemption.

5. The exact amount of equity attributable to such ill-gotten gains cannot be determined without further factual development. Objector intends to file and prosecute an adversary proceeding under Fed. R. Bankr. P. 7001 to obtain a determination of the extent to which the claimed exemption should be reduced or disallowed, possibly through equitable remedies under state law in addition to whatever relief is granted by this Court.

WHEREFORE, Objector respectfully requests that this Court:

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY

4

a. Sustain this objection to the claimed exemption in the Property to the extent of the amounts determined to be ill-gotten gains;

b. Set this matter for such further proceedings as the Court deems necessary, including coordination with the forthcoming adversary proceeding;

c. Grant such other and further relief as the Court deems just and proper.

Dated: Aug. 5, 2025

Respectfully submitted,

*Gregg Roberts*

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave Ste F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I have no access to NEF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) <u>08/05/2025</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Cammy Mendes, 503 Traverse Drive, Costa Mesa CA 92626
Debtor Counsel: Bert Briones, Red Hill Law Group, 15615 Alton Parkway 210, Irvine, CA 92618
Judge: Hon. Scott Clarkson, 411 W Fourth St, Courtroom 6A, Santa Ana CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/05/2025 | *[signature]* | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                        **F 9013-3.1.PROOF.SERVICE**