Bert Briones (SBN 237594)
**RED HILL LAW GROUP**
15615 Alton Parkway, Suite 210
Irvine, California 92618
Telephone: (714) 733-4455
Facsimile: (714) 733-4450
bb@redhilllawgroup.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:25-bk-11756-SC |
| CAMMY LYNN MENDES, | Chapter 7 |
| Debtor. | EVIDENTIARY OBJECTIONS TO (1) DECLARATION OF CHARLES CARUAL AND (2) EXHIBITS ATTACHED TO REPLY FILED BY GREGG ROBERTS |
| | Hearing:<br>Date:   October 14, 2025<br>Time:   11:00 a.m.<br>Crtm:   ZoomGov; 5C,<br>411 W Fourth St.,<br>Santa Ana, CA 92701 |

  Debtor Cammy Lynn Mendes ("Debtor") objects to the evidence of Gregg Roberts submitted in (1) the Declaration of Charles Carual and (2) attached as Exhibits to Roberts' Reply in Support of Objection to Claimed Exemption in Real Property. The Reply improperly includes evidence that should have been included in the moving papers, not in a reply brief. The following federal evidentiary objections also specifically apply:

| Evidence | Objection |
|---|---|
| Paragraph 12 of the Carual Declaration: "12. In the alternative, on information and belief, 14th Century's Pump It Up business generated revenue sufficient to make installment payments under the agreement, but Cammy intentionally caused or allowed such payments to be withheld, with no legitimate justification." | Lack of Personal Knowledge. A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. FRE 602. The proponent of the evidence must introduce evidence sufficient, if believed, to support a finding by a reasonable trier of fact of personal knowledge of the matter related. |
| Paragraph 13 of the Carual Declaration: "13. Cammy and Ray both promised that they would either get a second mortgage on their house or sell their house in order to generate sufficient revenue and make all the remaining payments within one year of the down payment." | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action. Cammy did intend to repay the loan, and she did not know what her financial situation would be in the future. Moreover, she could not predict the financial hardships that would come in 2020. Her statements that she planned to pay the loan are irrelevant to whether she is entitled to a homestead exemption. |

| Paragraph 14 of the Carual Declaration: "14. On information and belief, Cammy has a criminal history including multiple convictions, including at least one for forgery, for which she served time." | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action. Cammy's criminal record is irrelevant to whether she is entitled to a homestead exemption. The criminal conviction for which she completed all obligations does not change the fact that Roberts has a simple breach of contract judgment against her, which includes no finding of fraud and there are no facts to support fraud. Prejudice outweighs probative value. (FRE 403). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time In admissible character evidence. (FRE 404). FRE 404 prohibits the use of evidence of a person's character or prior acts to prove that on a particular occasion the person acted in conformity with that |
|---|---|

| | |
|---|---|
| | character. FRE 404(b) bars the use of prior crimes, wrongs, or acts to show propensity.

Inadmissible Prior Conviction (FRE 609). Convictions for which more than 10 years have passed are admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." No such notice was given, and the prejudicial effect outweighs any probative value. |
| Paragraph 15 of Carual Declaration. "15. Ray, despite serving as a principal in a business that caters to children, had, on information and belief, previously been convicted on two charges as a sex offender." | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action.

Ray's criminal record is irrelevant to whether *Cammy* is entitled to a homestead exemption. The alleged criminal conviction does not change the fact that Roberts has a simple breach of contract judgment against her, which includes no finding of fraud and |

there are no facts to support fraud.

Prejudice outweighs probative value. (FRE 403). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time

In admissible character evidence. (FRE 404). FRE 404 prohibits the use of evidence of a person's character or prior acts to prove that on a particular occasion the person acted in conformity with that character. FRE 404(b) bars the use of prior crimes, wrongs, or acts to show propensity.

Inadmissible Prior Conviction. (FRE 609). Convictions for which more than 10 years have passed are admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." No such notice was given, and the

5

OPPOSITION

| | |
|---|---|
| | prejudicial effect outweighs any probative value. |
| Paragraph 16 of the Carual Declaration. "16. If had known about Cammy's criminal convictions, I would not have entered into a business deal that required me to trust her to make payments." | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action.<br><br>Carual's opinion of the prior criminal convictions is irrelevant to whether Debtor is entitled to a homestead exemption. |
| Paragraph 17 of the Carual Declaration. "17. If I had known about Ray's criminal convictions, I would not have authorized selling to him a business that caters to children." | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action.<br><br>Carual's opinion of the alleged now 16 year-old criminal convictions is irrelevant to whether Debtor is entitled to a homestead exemption. |
| Exhibit 1 to the Reply (Docket No. 20). Case Summary for Case No. 09CM06307; Petition to Terminate Sex Offender Registration. | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the |

| | |
|---|---|
| <u>And</u> | evidence; and that fact is of consequence in determining the action. |
| Exhibit 2 to the Reply. Petition Checklist; Superior Court of California, County of Orange MINUTES; | Ray's criminal record is irrelevant to whether *Cammy* is entitled to a homestead exemption. The alleged criminal conviction does not change the fact that Roberts has a simple breach of contract judgment against her, which includes no finding of fraud and there are no facts to support fraud. |
| | Prejudice outweighs probative value. (FRE 403). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time |
| | In admissible character evidence. (FRE 404). FRE 404 prohibits the use of evidence of a person's character or prior acts to prove that on a particular occasion the person acted in conformity with that character. FRE 404(b) bars the use of prior crimes, wrongs, or acts to show propensity. |

| | |
|---|---|
| | Inadmissible Prior Conviction. (FRE 609). Convictions for which more than 10 years have passed are admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." No such notice was given, and the prejudicial effect outweighs any probative value. |
| Exhibit 3 to the Reply (Docket No. 20). Criminal Disposition Information. | Relevance. (FRE 401, 402). Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action. Cammy's criminal record is irrelevant to whether she is entitled to a homestead exemption. The criminal conviction for which she completed all obligations does not change the fact that Roberts has a simple breach of contract judgment against her, which includes no finding of fraud and there are no facts to support fraud.<br><br>Prejudice outweighs probative value. (FRE |

403). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time

In admissible character evidence. (FRE 404). FRE 404 prohibits the use of evidence of a person's character or prior acts to prove that on a particular occasion the person acted in conformity with that character. FRE 404(b) bars the use of prior crimes, wrongs, or acts to show propensity.

Inadmissible Prior Conviction. (FRE 609). Convictions for which more than 10 years have passed are admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." No such notice was given, and the prejudicial effect outweighs any probative value.

| | | |
|---|---|---|
| | Exhibit 4 to the Reply (Docket No. 20). Advanced Person Search Plus. | This Exhibit contains personal identifiers that should have been redacted, including Debtor's social security number and date of birth.  Debtor moved to have the document removed from the Docket, but as of the date of this declaration, the Exhibit is still available for public viewing. This Exhibit contains personal information of Debtor and all of her relatives.  The dates of birth of all of her family relatives is also included.  This information is irrelevant to Debtor's homestead exemption.  Debtor believes that the information should not only be excluded, but Roberts should be sanctioned for filing it on a public docket. Relevance.  (FRE 401, 402).  Evidence is admissible only if it is relevant, i.e. it has any tendency to make a fact more or less probable than it would be without the evidence; and that fact is of consequence in determining the action.  Cammy's criminal record is irrelevant to whether she is entitled to a homestead exemption.  The criminal conviction for which she completed all obligations does not change the fact that Roberts has a simple breach of contract |

judgment against her, which includes no finding of fraud and there are no facts to support fraud.

Prejudice outweighs probative value. (FRE 403). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time

In admissible character evidence. (FRE 404). FRE 404 prohibits the use of evidence of a person's character or prior acts to prove that on a particular occasion the person acted in conformity with that character. FRE 404(b) bars the use of prior crimes, wrongs, or acts to show propensity.

Inadmissible Prior Conviction (FRE 609). Convictions for which more than 10 years have passed are admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party

11

OPPOSITION

| | has a fair opportunity to contest its use." No such notice was given, and the prejudicial effect outweighs any probative value. |
|---|---|

DATED: October 6, 2025        RED HILL LAW GROUP


By:/s/ Bert Briones
    BERT BRIONES attorney for DEBTOR
    CAMMY LYNN MENDES