Bert Briones (SBN 237594)
Martina A. Slocomb (SBN 252157)
**RED HILL LAW GROUP**
15615 Alton Parkway, Suite 210
Irvine, California 92618
Telephone: (714) 733-4455
Facsimile: (714) 733-4450
bb@redhilllawgroup.com
martina@redhilllawgroup.com

Attorneys for Debtor

FILED & ENTERED

OCT 27 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CAMMY LYNN MENDES,<br><br>Debtor. | Case No. 8:25-bk-11756-SC<br><br>Chapter 7<br><br>ORDER ON OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY<br><br>Hearing:<br>Date:    October 14, 2025<br>Time:   11:00 a.m.<br>Crtm:   ZoomGov; 5C, 411 W Fourth St., Santa Ana, CA 92701 |

The Court considered the Objection to Claimed Exemption in Real Property filed by Gregg Roberts filed at ECF Dkt. No. 8 (the "Objection"), the Opposition filed by Debtor Cammy Lynn Mendes, the Reply filed by Roberts, the evidentiary objections of Cammy Lynn Mendes to the evidence submitted by Gregg Roberts, and the oral argument at the hearing on the Objection. For the reasons stated in the Court's tentative ruling, which is set forth below, and for the reasons stated on the record at the hearing on the Objection, the Court hereby orders as follows:

1.    In advance of the hearing, the Court posted the following tentative, which it adopted in full at the hearing:

> Tentative for 10/14/25:
>
> The Court is inclined to OVERRULE Gregg Robert's Objection [Dk. 8].
>
> Fed. R. Bankr. Proc. Rule 4003(c) makes clear that a party in interest who objects to a claimed exemption has the burden of proving that the exemption was not properly claimed. The cases Mr. Roberts relies upon in his Reply [Dk. 20], *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15 (2000) and *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-38 (BAP 9th Cir. 2016), do not negate this burden, as clarified by more recent precedent from the Ninth Circuit: *Lee v. Field (In re Lee)*, 889 F.3d 639 (9th Cir. 2018). Mr. Roberts accordingly had the initial burden to show Debtor's exemption was improper in his objection, which he did not do.
>
> Moreover, Mr. Roberts' Reply and Mr. Carual's Declaration [Dk. 21] do not rectify the deficiencies of the Objection; neither provide sufficient evidence showing that Debtor's exemption was not properly claimed. Debtor's evidentiary objections [Dk. 29] to both are well-taken, in light of Local Rule 9013-1(g)(4) barring new arguments or matters raised for the first time in reply documents from consideration.
>
> Virtual appearances are required.

2.    Debtor established a valid homestead exemption in the property located at 503 Traverse Drive, Costa Mesa, California 92626.

3.    The Court overrules the Objection for the reasons stated on the record and in the tentative ruling.

**IT IS SO ORDERED**.

###

Date: October 27, 2025

Scott C. Clarkson
United States Bankruptcy Judge