United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 25-11756-SC |
| Cammy Lynn Mendes | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 1 |
| Date Rcvd: Oct 27, 2025 | Form ID: pdf042 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Cammy Lynn Mendes, 503 Traverse Dr, Costa Mesa, CA 92626-3116 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 27, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Bert Briones | on behalf of Debtor Cammy Lynn Mendes bb@redhilllawgroup.com helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net |
| Martina A Slocomb | on behalf of Debtor Cammy Lynn Mendes rockymountainlaw@yahoo.com |
| Martina A Slocomb | on behalf of Defendant Cammy Mendes martina@redhillawgroup.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Weneta M.A. Kosmala (TR) | ecf.alert+Kosmala@titlexi.com  wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com |

TOTAL: 5

Bert Briones (SBN 237594)
Martina A. Slocomb (SBN 252157)
**RED HILL LAW GROUP**
15615 Alton Parkway, Suite 210
Irvine, California 92618
Telephone: (714) 733-4455
Facsimile: (714) 733-4450
bb@redhilllawgroup.com
martina@redhilllawgroup.com

Attorneys for Debtor

**FILED & ENTERED**

OCT 27 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

CAMMY LYNN MENDES,

    Debtor.

Case No. 8:25-bk-11756-SC

Chapter 7

ORDER ON OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY

Hearing:
Date:  October 14, 2025
Time:  11:00 a.m.
Crtm:  ZoomGov; 5C, 411 W Fourth St., Santa Ana, CA 92701

The Court considered the Objection to Claimed Exemption in Real Property filed by Gregg Roberts filed at ECF Dkt. No. 8 (the "Objection"), the Opposition filed by Debtor Cammy Lynn Mendes, the Reply filed by Roberts, the evidentiary objections of Cammy Lynn Mendes to the evidence submitted by Gregg Roberts, and the oral argument at the hearing on the Objection.  For the reasons stated in the Court's tentative ruling, which is set forth below, and for the reasons stated on the record at the hearing on the Objection, the Court hereby orders as follows:

1. In advance of the hearing, the Court posted the following tentative, which it adopted in full at the hearing:

   Tentative for 10/14/25:

   The Court is inclined to OVERRULE Gregg Robert's Objection [Dk. 8].

   Fed. R. Bankr. Proc. Rule 4003(c) makes clear that a party in interest who objects to a claimed exemption has the burden of proving that the exemption was not properly claimed. The cases Mr. Roberts relies upon in his Reply [Dk. 20], *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15 (2000) and *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-38 (BAP 9th Cir. 2016), do not negate this burden, as clarified by more recent precedent from the Ninth Circuit: *Lee v. Field (In re Lee)*, 889 F.3d 639 (9th Cir. 2018). Mr. Roberts accordingly had the initial burden to show Debtor's exemption was improper in his objection, which he did not do.

   Moreover, Mr. Roberts' Reply and Mr. Carual's Declaration [Dk. 21] do not rectify the deficiencies of the Objection; neither provide sufficient evidence showing that Debtor's exemption was not properly claimed. Debtor's evidentiary objections [Dk. 29] to both are well-taken, in light of Local Rule 9013-1(g)(4) barring new arguments or matters raised for the first time in reply documents from consideration.

   Virtual appearances are required.

2. Debtor established a valid homestead exemption in the property located at 503 Traverse Drive, Costa Mesa, California 92626.

3. The Court overrules the Objection for the reasons stated on the record and in the tentative ruling.

**IT IS SO ORDERED**.

#####

Date: October 27, 2025

Scott C. Clarkson
United States Bankruptcy Judge

2
ORDER