Gregg Roberts

43430 E Florida Ave F293

Hemet CA 92544

951-330-4450

gregg@legalsupport-sc.com

Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re Cammy Mendes,<br><br>Debtor | Main Case #8:25-bk-11756-SC<br><br>Chapter 7<br><br>**DESIGNATION OF RECORD**<br>**AND STATEMENT OF ISSUES** |

Plaintiff/Objector/Appellant Gregg Roberts ("Roberts") respectfully submits this Designation Of Record and Statement of Issues.

**COMPLIANCE STATEMENT**

The Notice of Appeal was filed November 10 (DE #40). In accordance with FRBP 8009(a), this document was due to be filed no later than 14 days thereafter, i.e. November 24. Accordingly, this filing is timely.

# DESIGNATION OF RECORD

Pursuant to FRBP 8009(a)(1)(A), Roberts designates the following items to be included in the record on appeal from the Order on Objection to Claimed Exemption in Real Property (DE #38, entered 10/27/2025):

| # | Description | DE # | Filing Date |
|---|---|---|---|
| 1 | Objection To Claimed Exemption In Real Property | 8 | 8/5/2025 |
| 2 | Objection to Debtor's Claim of Exemptions | 10 | 8/14/2025 |
| 3 | Reply In Support Of Objection To Claimed Exemption In Real Property [removed from register of actions pursuant to protective order, DE #28, 10/6/2025] | 20 | 9/24/2025 |
| 4 | Declaration Of Charles Carual In Support Of Objection | 21 | |
| 5 | Transcript of 10/14/2025 Hearing | n/a | n/a |
| 6 | Order on Objection to Claimed Exemption in Real Property | 38 | 10/27/2025 |
| 7 | Notice Of Appeal And Statement Of Election | 40 | 11/10/2025 |
| 8 | Amended Notice Of Appeal And Statement Of Election | 44 | 11/12/2025 |

Roberts reserves the right to supplement this Designation to include any additional filings, exhibits, or transcripts that become necessary for proper consideration of the issues on appeal.

# STATEMENT OF ISSUES

*Introductory Statement*

Roberts contends that, under California law, a timely and well-founded objection to a claimed exemption need not include supporting evidence when the factual allegations underlying the objection are of the kind that must be litigated through a full-fledged adversary proceeding, as here. His objection was based on allegations of fraud and willful and malicious injury that, if

DESIGNATION OF RECORD AND STATEMENT OF ISSUES

proven, would show that ill-gotten gains were placed into the claimed homestead. Such allegations cannot be resolved through a summary contested-matter procedure because they require the procedural protections of an adversary proceeding, including the right to conduct full discovery.

The Bankruptcy Court nevertheless overruled the objection outright rather than deferring its ruling until after the outcome of the adversary proceeding—which Roberts had indicated he would file, and in fact did. In so doing, the court deprived Roberts of the opportunity to develop and present the evidence necessary to meet his burden in that later proceeding. Had discovery been allowed and evidence been presented "by halftime," the burden would then have shifted to Mendes to overcome that showing. Roberts does not contend that the adversary proceeding should begin with Mendes disproving fraud or willful injury; that would be illogical. Rather, because the burdens of proof under California exemption law and under bankruptcy adversary procedure pull in opposite directions, the proper course here was to defer the exemption ruling until the adversary proceeding determined the underlying factual issues.

Mendes likewise would have been entitled to the full range of discovery in that forum to attempt to rebut Roberts' evidence and justify her claimed exemption. The Bankruptcy Court's premature ruling therefore misallocated the burden of proof, curtailed both parties' discovery rights, and disrupted the fair coordination of overlapping issues between the exemption contest and the forthcoming adversary proceeding. Deferral would have prejudiced no one and would have ensured a more accurate and just result.

DESIGNATION OF RECORD AND STATEMENT OF ISSUES

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(B), Roberts respectfully submits the following issues to be presented on appeal from the Order on Objection to Claimed Exemption in Real Property (DE #38, entered 10/27/2025):

1. **Burden of Proof / Legal Standard.** Whether the Bankruptcy Court misapplied controlling law regarding the burden of proof, contrary to *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15 (2000), and *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329 (9th Cir. BAP 2016), by requiring Roberts to produce affirmative evidence before discovery or hearing, and by denying the objection outright rather than deferring its ruling until the debtor had first carried her burden to establish entitlement to the claimed exemption in the face of Roberts' allegations.

2. **Premature Ruling / Due Process.** Whether it was legal error and an abuse of discretion to deny the objection essentially on the pleadings where Roberts identified specific bases for contesting the exemption and requested a reasonable opportunity to obtain discovery and present evidence.

3. **Coordination with the Adversary Proceeding.** Whether the Court erred by refusing to defer the exemption ruling, or to stay/continue it, pending the resolution of the related adversary proceeding on fraud/alter-ego/voidable transfer issues that directly bear on (a) the debtor's eligibility for the claimed exemption and (b) the amount, if any, of tainted funds traceable into the homestead.

4. **Right to Discovery in Contested Matters.** Whether the Court misapplied the rules governing contested matters by foreclosing discovery and a merits hearing notwithstanding

Appellant's proffer that relevant evidence exists and will be obtained through standard discovery tools.

5. **Findings Adequacy / Appellate Review.** Whether the Bankruptcy Court failed to make adequate findings of fact and conclusions of law under FRCP 52(a), as incorporated by FRBP 7052 and 9014, sufficient to permit meaningful appellate review on the burden allocation, the decision to proceed without discovery, and the refusal to coordinate with the adversary proceeding.

6. **Remedy.** Whether the appropriate remedy is vacatur and remand with instructions to (a) apply the correct burden/standard, and (b) permit discovery and an evidentiary hearing, or alternatively to stay/continue the exemption determination until the adversary proceeding resolves liability and tracing issues; and thereafter, to conduct any necessary ancillary tracing proceeding to quantify the amount of ill-gotten gains (direct and indirect) embedded in the homestead.

Appellant may further clarify, refine, or elaborate upon these issues in the course of appellate briefing to the extent permitted by applicable law.

Dated this 20th day of November, 2025.

Respectfully submitted,

*Gregg Roberts* (signature)

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E. Florida Ave. #F-293, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): DESIGNATION OF RECORD AND STATEMENT OF ISSUES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I have no access to ECF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/21/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Cammy Lynn Mendes, 503 Traverse Dr, Costa Mesa CA 92626

Judge: Hon. Scott C. Clarkson, 411 W 4th St, Ste 5130 / CR 5C, Santa Ana CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/21/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor Counsel Bert Briones <bb@redhilllawgroup.com> and Martina A. Slocomb <martina@redhilllawgroup.com>, service performed by Gregg Roberts via email per written agreement with opposing counsel.

*Same Decl. 11/21/2025 Gregg Roberts*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/21/2025 | Vito A. Vitale III | *Vito A. Vitale III* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                             F 9013-3.1.PROOF.SERVICE