Main Document Page 1 of 17

Gregg Roberts
43430 E Florida Ave F293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re Cammy Mendes,<br><br>Debtor | Main Case #8:25-bk-11756-SC<br><br>Chapter 7<br><br>**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS**<br><br>Hearing Date: Tuesday, Dec 9, 2025 at 11:00 AM<br>Location: Via ZoomGov at 411 W Fourth St, Courtroom 5C, Santa Ana CA 92701<br>Judge: Hon. Scott C. Clarkson |

Creditor Gregg Roberts ("Roberts") submits this Response in Opposition to Debtor's Motion to Sanction Gregg Roberts for Failure to Redact Personal Identifiers and Failure to Take Reasonable Steps to Protect Victims (the "Motion"). The Motion was filed on behalf of Debtor Cammy Lynn Mendes ("Mendes").

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

1

Main Document Page 2 of 17

For medical reasons, Roberts will be contemporaneously filing an Ex Parte Application for extensions of time pertaining to the December 9 hearing on the Motion and the December 16 Status Conference.

## I. INTRODUCTION

The instant dispute arises from a single, inadvertent filing error, promptly acknowledged and promptly cured through removal/sealing under the Court's direction. No evidence shows bad faith, willfulness, or that there are or will be any "victims."

Mendes states (*Mot.*, DE #45, 3:3) that she "froze her credit reports with the three main credit bureaus," further minimizing any risk from the limited data briefly visible. Mendes now seeks punitive remedies—including five years of premium credit monitoring and court-scripted letters routed through her counsel—that go well beyond the remedial framework of FRBP 9037 and 11 U.S.C. § 107(c).

At the end of the October 14 hearing on the claim of exemption, this Court "encouraged" Roberts to "to do everything you need to do, before Ms. Slocomb or anyone else comes forward with a motion for sanctions ... to protect the identities of not just the debtor but third parties." Roberts has done so:

- Mendes froze her credit shortly after the exposure, further reducing any risk.

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

2

- The Court referenced pharmacy verification practices as an illustration. The disclosure here consisted only of month and year of birth, without day of birth, account identifiers, addresses, or full Social Security numbers.

- Despite the limited scope of the disclosure and the lack of demonstrated harm, in hopes of keeping any sanction to a minimum Roberts has worded his own, much more complete disclosure letter than the one proposed by Mendes. He intends to send out the letters by Saturday, November 29. See the currently planned text of the notifications under the heading *Additional cure*, starting on page 12.

- Roberts did not have an opportunity to answer the Court's question as to the "relevance" of the relatives' PII. The answer is simple: The disclosure was inadvertent and resulted from a document redaction oversight under time pressure. Going forward, Roberts promises to slow down and carefully review every filing to ensure no further inadvertent PII disclosures occur.

Accordingly, the Court should deny the Motion. If the Court believes further action is warranted, a limited requirement that Roberts file a concise status report confirming completion of notice measures would fully resolve the issue.

## II.  STATEMENT OF FACTS

- On Sept. 24, 2025, Roberts filed exhibits to a Reply (DE #20) that, despite care taken to redact one occurrence, inadvertently left (1) the first five digits of

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

3

Debtor's SSN (*Reply*, Ex. 4) and date of birth (*Reply*, Ex. 3), and (2) month/year of birth for certain adult relatives.

- On Oct. 2, 2025, Debtor's counsel emailed Roberts. Roberts immediately acknowledged the error, apologized, and indicated he would promptly seek removal/restriction. *Mot.*, 2:14. The document was removed/sealed under the Court's process within days.
- Debtor reports she froze her credit with the three bureaus.
- Roberts is not aware of any federal authority requiring notice to third parties where only partial identifiers were disclosed.
- The disclosure consisted only of month and year of birth and was promptly sealed. The Motion does not identify any practical mechanism by which month/year alone could reasonably be used to cause harm.
- Roberts takes the inadvertent disclosure very seriously. He has revised his filing practices to incorporate slower document review, multiple passes for PII, and, where feasible, peer verification to ensure that similar errors do not occur.

## III. LEGAL STANDARDS

### *A. FRBP 9037 and § 107(c) are remedial, not punitive.*

Rule 9037 requires redaction of personal identifiers and authorizes courts to restrict or redact filings when issues arise. § 107(c) empowers courts to protect individuals from

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

4

undue risk by controlling court access. Neither provision creates a right to monetary sanctions for an inadvertent, promptly cured filing.

*B. Sanctions via inherent power / § 105 require bad faith.*

The Ninth Circuit permits inherent-power sanctions only upon explicit bad-faith findings or conduct tantamount to bad faith (e.g., *Primus*, *Fink*, *In re Dyer*). Negligence—especially promptly cured—does not suffice.

*C. Neither FRBP 9037(d) nor Local Rule 9037-1 transform mistakes into sanctionable conduct.*

Fed. R. Bankr. P. 9037(d), (h) — When personal data is inadvertently disclosed, "the court may order the filing restricted or redacted." The rule itself contemplates correction, not punishment.

LBR 9037-1 memorializes redaction obligations and the mechanism for restricting/removing. It does not mandate or even authorize fee-shifting, credit-monitoring, or unpaid administrative work sending out notification letters as punishment for a cured error.

*D.* Weakley *is inapposite.*

Mendes's sole cited case as authority for fee shifting and/or credit monitoring, *Weakley v. Redline*, involved full SSN publication in one location, an explicit bad-faith analysis, and a limited $900 monitoring cost—materially different from (1) partial SSN-5 plus

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

5

month/year, (2) swift removal, (3) credit freeze quickly in place, and (4) a request for $3,795.83 for five years of monitoring.[1] *Weakley* is a trial court decision, not binding precedent. The *Weakley* court awarded far less than was requested by the movant; no attorney fees were awarded. Its facts and remedy do not support an order here to pay anything at all, not to mention *more than four times* $900. Nor does it provide support for any order concerning third parties.

*E. On-Point Citations*

1. *In re French*, 401 B.R. 295 (Bankr. E. D. Tenn. 2009):

> "The legislative history [of §107] evidences that Congress did not intend for §107(c) ...to be a remedial statute in any way...." *Id.* at 306.
>
> "[W]hile there is no dispute that the Defendant did file the Proof of Claim on October 31, 2008, and its attachments contained the Plaintiff's complete social security number and birth date, the Plaintiff has failed to allege facts sufficient to establish that the information was disseminated to "the public at large...." *Id.* at 316-317.
>
> "[T]he Plaintiff has not made any allegations that her case file was ever viewed in the clerk's office or that her information was, in fact, ever seen by any member of the public at large." *Id.* at 319.
>
> Other than through PACER, accessible remotely only by registered users, "[t]he final way to gain access to the bankruptcy file is to physically visit the Clerk's Office and use the computers provided to

[1] In conferral, through Counsel, Mendes initially requested even greater remuneration: "Cammy requests that you pay for two hours of my attorney time incurred in having the identifiers removed from the docket ($800 total) plus identity theft protection for five years." She is now requesting an undisclosed amount of attorney fees.

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

6

> the public there. While it would appear that public access is freely granted to case files, if sought out, the likelihood that any member of the public viewed the Debtor's file is remote. The Clerk's Office sees little foot traffic, very few members of the public access the Court's electronic database in the Clerk's Office." *Id.* at 318 (*internal cite omitted*).

2. *In re Crawford*, 194 F.3d 954 at 960 (9th Cir. 1999) (interpreting § 107(b)): "[an] SSN is not inherently sensitive or intimate information, and its disclosure does not lead directly to injury, embarrassment or stigma."

3. *In re Carter*, 411 B.R. 730 at 738 (Bankr. M.D. Fla. 2009): "Sanctions may be appropriate 'where it was shown that a creditor flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently'."

4. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997): "Because the district court's inherent powers are so potent, we require courts levying sanctions to assess an attorney's individual conduct and to make an explicit finding that he or she acted in bad faith."

5. *Fink v. Gomez*, 39 F. Supp. 2d 1225 and 1226 (C.D. Cal. 1999): "The court has been unable to determine whether Ms. Nourse acted in subjective bad faith...". 1225. "The court will not sanction Ms. Nourse, despite the finding that she has not shown cause...". 1226.

6. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003): Despite a "violation of the automatic stay provision [that] was willful and in bad faith", "We conclude that significant punitive sanctions are not available under either the civil contempt authority of 11 U.S.C. § 105(a) or the bankruptcy court's inherent sanction authority."

7. 11 U.S. Code § 107 - Public access to papers:

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

7

Main Document Page 8 of 17

> finds that disclosure of such information would create *undue [emphasis added]* risk of identity theft or other unlawful injury to the individual or the individual's property...:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> >
> > (B) Other information contained in a paper described in subparagraph (A).

A *partial* date of birth is not among the list of "means of identification" at 18 U.S. Code § 1028(d)(7)(A):

> "(7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
>
> > (A) name, social security number, date of birth...".

8. Even if this Court treats the matter solely under federal procedural law, California's absolute litigation privilege (Civ. Code § 47(b)) underscores why punitive or monetary sanctions would be inappropriate. The privilege is a substantive immunity that bars any civil liability for statements or filings made in a judicial proceeding that have some connection to that proceeding. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (Cal. Sup. Ct. 1990); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). It applies broadly to all participants, including self-represented litigants. Critically, the *Silberg*

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

8

Court expressly explained that the privilege is not limited to “good faith” or “reasonable” conduct. Its purpose is to ensure candid and complete speech in litigation without fear of tort liability.

Although this privilege is a matter of state substantive law, its rationale applies with equal force here. The investigative report was filed as part of a legitimate evidentiary submission in this bankruptcy case-precisely the type of “publication made in a judicial proceeding” that § 47(b) deems immune from collateral attack. Were the debtor to file any separate state-law action (e.g., negligence or invasion of privacy), that claim would be barred outright. The same policy-encouraging candor and free access to the courts without fear of later liability-strongly counsels against punitive sanctions within the bankruptcy forum for an inadvertent, promptly corrected filing.

Accordingly, even though § 47(b) does not directly govern this Court’s sanction authority, it reinforces the principle that inadvertent filings made in pursuit of judicial relief should be addressed through remedial measures, not punishment. The privilege’s existence in parallel state law confirms that this episode is properly treated as a correctable administrative matter under Rule 9037, not as sanctionable misconduct. That correction has already been made.

RESPONSE IN OPPOSITION TO DEBTOR’S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

9

Main Document Page 10 of 17

*F. No standing to demand relief for adult third parties.*

Mendes lacks Article III/prudential standing to assert the privacy rights of competent, adult relatives. The identities at issue belong to non-parties; if they sought relief, they would need to move or intervene themselves, which would be extraordinary in a bankruptcy exemption dispute. See, *e.g., Warth v. Seldin*, 422 U.S. 490, 490 (1975): "[T]o have standing a complainant must clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." The general rule bars assertion of another's rights absent a recognized representative capacity.

Mendes' counsel admitted this point when she stated at the claim of exemption hearing, "I cannot act on their behalf to say what protection they're entitled to."

## IV. APPLICATION

1. *Good faith, diligence, cure.* Roberts acted immediately upon notice; the Court's sealing order cured the issue within days.

2. *Limited scope of exposure.* Debtor's SSN-5 (not full SSN) and month/year, plus month/year for adults; no day-of-birth, account numbers, or addresses.

3. *Mitigation.* Debtor froze her credit within a reasonable time after the disclosure, drastically reducing any risk of misuse.

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

10

4. *No evidence of harm.* There is no showing of third-party access, much less intended or actual misuse. Illustrative publicly available information confirms that the chances of a person being granted credit by any credit grantor with disclosure of only a name, birthday, and mailing address is "essentially zero":

> "[A] credit grantor cannot approve credit with only a name, birthday, and mailing address because they lack the necessary information to verify identity or assess creditworthiness. To grant credit, lenders need a Social Security number (SSN) to access your full credit history, along with other information like employment and income to determine ability to repay. Disclosing only a name, birthday, and address would not allow a lender to identify you or check your credit history, which is essential for the decision-making process.
>
> **Why this information is insufficient**
>
> **Identity verification**: Lenders use your Social Security number (SSN) and other identifying information to confirm you are who you say you are, preventing fraud. A name and birthday alone are not enough to do this.
>
> **Credit history**: Your credit report, accessed via your SSN, is crucial for a lender to assess your creditworthiness. It includes your payment history, amounts owed, and length of credit history.
>
> **Ability to pay**: Lenders need to verify your income and employment status to determine your ability to repay the loan, which is not included in the information provided.
>
> **Lending decisions**: Lenders make decisions based on a combination of factors, including payment history, amounts owed, and length of credit history, none of which can be determined with just the information provided."

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS
FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND
FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

11

https://www.google.com/search?q=What+are+the+chances+I+would+be+granted+credit+by+any+credit+grantor+if+I+were+to+disclose+only+a+name%2C+birthday%2C+and+mailing+address%3F, accessed at 5:35 PM November 22, 2025.

5. *Proportionality.* The Motion seeks relief (five years of premium identity theft coverage with many features unrelated to the concern here; compelled script without proper context; naming Debtor's counsel as contact) far beyond the remedial scope of Rule 9037 / § 107(c). Certain proposed remedies appeared disproportionate to the limited exposure and the lack of demonstrated harm.

6. *Additional cure.* Roberts intends to proceed late next week, after medical procedures early in the week, with a notice that does not mention Mendes, a copy of which is attached as Exhibit 1.

## V. CONCLUSION

Because the PII disclosure was inadvertent, promptly remedied, and non-prejudicial, Mendes already froze her credit, and any risk to her relatives is minimal and is also being addressed, the Court should deny the Motion in full.

Respectfully submitted.

Roberts submits that, due to the medical urgency described above, the following declaration is sufficient and appropriate under the circumstances:

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

12

**Declaration**

I hereby declare under penalty of perjury that all of the factual statements in this filing are true, correct, and complete to the best of my knowledge, information, and belief.

Signed November 23, 2025 at Hemet California.

Gregg Roberts

______________________________

Gregg Roberts, Pro Se

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS FOR FAILURE TO REDACT PERSONAL IDENTIFIERS AND FAILURE TO TAKE REASONABLE STEPS TO PROTECT VICTIMS

13

# EXHIBIT 1

Gregg Roberts
43430 E Florida Ave #F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com

<date>

<Recipient Name>
<Recipient Addr1>
<Recipient Addr2>

Dear <name>,

On September 24, 2025, I inadvertently filed on the public docket of the United States Bankruptcy Court for the Central District of California, in case #8:25-bk-11756-SC, a document that included your name, your year of birth, and in some cases also the month of your birth. The Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules prohibit disclosure of "date of birth," although in this case no complete date of birth was disclosed. The partial date-of-birth information appeared on the public docket for approximately one week. <u>No part of your Social Security number was disclosed.</u>

A Google query indicates a near-zero probability of identity theft by any bad actor who has only the month and year of birth and no Social Security number. Nonetheless, I am informing you of the inadvertent disclosure so that you may take action to protect your identity if you wish. Such action might include requests for a credit security freeze or copies of your credit report, all of which can be obtained free of charge.

For more information you may contact the three main credit reporting bureaus below:

Equifax
PO Box 740241
Atlanta, GA 30374-0241
800-685-1111

https://www.equifax.com/personal/credit-report-services/credit-freeze

Experian
PO Box 2104
Allen, TX 75013-0949

888-EXPERIAN (888-397-3742)
https://www.experian.com/help/credit-freeze/

TransUnion
PO Box 1000
Chester PA 19022
(800) 916-8800
https://www.transunion.com/v/credit-freeze-2

Also according to Google:

> You are entitled to one free credit report from each of the three major credit bureaus (Equifax, Experian, and TransUnion) every 12 months under the Fair Credit Reporting Act. In addition, a program has been permanently extended that allows you to get a free credit report from each bureau every week online at AnnualCreditReport.com.
>
> **How to get your free credit report**
>
> Online weekly access: Visit AnnualCreditReport.com to access your free weekly credit report from each of the three bureaus.
>
> Annual 12-month access: You can also request one free credit report from each bureau every 12 months via mail by downloading a request form from the AnnualCreditReport.com website.
>
> **What to know:**
>
> Checking your own credit report does not harm your credit score.
>
> It is recommended to check your reports periodically to ensure the information is accurate.
>
> Be wary of "impostor" websites that use similar names or URLs and may try to charge you for a service.
>
> https://www.google.com/search?q=Free+credit+report+policy

I sincerely apologize for the inadvertent but limited disclosure.

If you have any questions, please contact the Clerk of the Court at (855) 460-9641.

Respectfully,

Gregg Roberts

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
24600 Mountain Ave SPC #122, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SANCTION GREGG ROBERTS, and an unsigned copy of this proof of service per CCP 1013(b).

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I have no access to ECF.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 11/23/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Cammy Mendes, 503 Traverse Dr, Costa Mesa CA 92806
Judge: Hon. Scott C. Clarkson, 411 West Fourth Street, Courtroom 5C, Santa Ana CA 92701

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/23/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor Counsel Bert Briones <bb@redhilllawgroup.com> and Martina A. Slocomb <martina@redhilllawgroup.com>, service performed by Gregg Roberts via email per written agreement with opposing counsel.

Same Decl – 11/23/2025 – Gregg Roberts

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/23/2025 | Judy Garner | Judy Garner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.